Grimke, J.
was of opinion, and so directed the jury, that the last will not appearing, was strong evidence of its having been cancelled.
Waties, J.
The evidence offered affords a sufficient ground for the jury to find the last will. The non-production of it, is ónly a prima facie presumption that it was cancelled, and not a legal conclusion. The contrary may, and has been shewn, by parol evidence. The statute of frauds is not opposed to it. The evidence here, is not offered to dispense with that statute ; but to supply the loss of a will, made conformable to it. Such evidence would be admissible even in the case of a record lost. If the will had been designedly destroyed, parol evidence would not be admissible, because it would be making a new will. But it appears here, that the will was either lost or mislaid,, and never intended to be destroyed : for the intention of the testatrix in favour of the plaintiff .and his wife, continued unaltered to her death. There is no ground then to presume that the will was ever cancelled ; but the strongest ground to presume the contrary, and therefore, full proof of contents of it, may safely and legally supply its loss. It is true, there is found no precedent of a will lost by accident, being established on proof of the contents 5 but the strong reason for it, is a sufficient authority for making a precedent, and it is supported by principles. 4 Burn. Eccl. Law, 174. Swinb. 450. 513. In the case of Goodright v. Harwood, (Cowp. 87.) although the judges were of opinion that the proof there given of the contents of a will lost, was too uncertain to operate as a revocation of a former one, yet they indirectly allowed, that more certain and precise proof would have that effect. If then, such proof *466 would be sufficient for the purpose of revoking a will, it is sufficient to establish one which has been lost.
Bay, J.
of the same opinion.
The jury gave a verdict for the plaintiffs, finding specially the contents of the last will, and that it revoked the former ; which verdict was afterwards certified to the court of equity, and a decree made according to it.